SPEARHEAD LEGAL LLP
Ryan R. Owens (Bar No. 269370)
ryan.owens@spearheadlegal.com
Kristopher M. Dawes (Bar No. 261170)
kris.dawes@spearheadlegal.com
Andrew J. Fossum (Bar No. 250373)
andrew.fossum@spearheadlegal.com
620 Newport Center Dr., Suite 1100
Newport Beach, CA 92660
Telephone: (949) 409-8401
Facsimile: (949) 336-3830

Attorneys for Plaintiff,
GENE POOL TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GENE POOL TECHNOLOGIES, INC., | **Case No. 5:21-cv-01328** |
| Plaintiff, | |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| COASTAL HARVEST, LLC, | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff Gene Pool Technologies, Inc. ("Gene Pool" or "Plaintiff"), by and through its undersigned counsel, complain and allege against Defendant Coastal Harvest, LLC ("Coastal Harvest" or "Defendant") as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.

## THE PARTIES

2. Plaintiff Gene Pool is a company organized and existing under the laws of the State of Colorado with its principal place of business in Boulder, Colorado, and a mailing address of 1601 29th Street, Suite 1292, #1052, Boulder, CO 80301.

3. Gene Pool is a technology aggregation, development, and licensing company focused on cannabis and hemp extraction technologies. Gene Pool brings this patent infringement action to protect its valuable patented technology related to cannabis extraction technology. Since its founding in 2018, Gene Pool has sourced and acquired some of the most promising and widely adopted innovations in the cannabis and hemp extraction industries. These technologies, for example, allow for more efficient and cost-effective extraction of cannabinoids from cannabis plant material.

4. On information and belief, defendant Coastal Harvest is a company organized and existing under the laws of the State of California with its principal place of business at 68-956 Perez Road, Suite D, Cathedral City, CA 92234.

5. On information and belief, Coastal Harvest is in the business of manufacturing, offering for sale, selling, and distributing products extracted from cannabis.

6. On information and belief, Coastal Harvest has used and continues to use the ExtractionTek Solutions Modular Extraction Platform 30 ("MeP 30") to extract products from cannabis thereby infringing system and method claims of Gene Pool patents.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

8. This Court has personal jurisdiction over Coastal Harvest because, upon information and belief, it maintains a principal place of business in California.

9. Venue is this District is proper under 28 U.S.C. §§ 1391 and 1400(b) with respect to Coastal Harvest. On information and belief, the Coastal Harvest resides and has a regular and established place of business in this District. Venue is also proper because, on information and belief, defendant has committed acts of infringement in this District.

**GENE POOL'S ASSERTED PATENTS**

10. The United States Patent and Trademark Office issued U.S. Patent No. 9,144,751 ("the '751 patent")—titled "Systems for Extracting Solute from a Source Material"—on September 29, 2015. The '751 patent identifies Jason Wasserman, Jess Ordower, and Samuel Decker as inventors. A true and correct copy of the '751 patent is attached as Exhibit 1.

11. The United States Patent and Trademark Office issued U.S. Patent No. 9,145,532 ("the '532 patent")—titled "Methods for Extracting Solute from a Source Material"—on September 29, 2015. The '532 patent identifies Jason Wasserman, Jess Ordower, and Samuel Decker as inventors. A true and correct copy of the '532 patent is attached as Exhibit 2.

12. The United States Patent and Trademark Office issued U.S. Patent No. 9,587,203 ("the '203 patent")—titled "Methods for Extracting Solute from a Source Material"—on March 7, 2017. The '203 patent identifies Jason Wasserman, Jess Ordower, and Samuel Decker as inventors. A true and correct copy of the '203 patent is attached as Exhibit 3.

13. Gene Pool is the owner of all right, title, and interest in and to the '751, '532, and '203 patents (collectively, "the Asserted Patents") with full and exclusive right to bring suit to enforce the Asserted Patents, including the right to recover for past damages and/or royalties up until the expiration of each Asserted Patent.

14. The Asserted Patents are valid and enforceable.

## COUNT I

## INFRINGEMENT OF THE '751 PATENT

15. Gene Pool repeats and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

16. Defendant has directly infringed and continues to directly infringe one or more claims of the '751 patent pursuant to 35 U.S.C. § 271(a) by using the MeP 30 extraction system to extract solutes from cannabis material without authority.

17. Attached hereto as <u>Exhibit 4</u>, and incorporated by reference herein, is a claim chart detailing how Defendant's use of the MeP 30 infringes independent claim 13 of the '751 patent. The descriptions within the exhibit, which are based on publicly available information, are preliminary examples and are non-limiting.

18. The Court has not yet construed the meaning of any claims or terms in the '751 patent. In providing these detailed allegations, Gene Pool does not intend to convey or imply any particular claim construction or the precise scope of the claims. Gene Pool's contentions regarding the construction of the claims will be provided in compliance with the case schedule, any applicable federal or local procedural rules, and/or any applicable orders.

19. Gene Pool contends that each element of each asserted claim is literally present in the MeP 30 system as used by the Defendant. If based on the Court's constructions or other determinations one or more claim elements are not literally present, Gene Pool contends that each such element is present under the doctrine of equivalents and reserves the right to provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

20. Defendant is not authorized to practice the claims of the '751 patent.

21. By reason of Defendant's infringement, Gene Pool has suffered substantial damages.

22. Gene Pool is entitled to recover the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial.

23. Gene Pool provided actual notice of its infringement allegation to Defendant on

July 9, 2021.  Specifically, Gene Pool's counsel sent a letter by email and FedEx stating that Defendant's use of the MeP 30 infringed the '751 patent and providing a detailed claim chart demonstrating how this use infringed at least claim 13 of the '751 patent.

24. Gene Pool alleges, on information and belief, that Defendant's infringement of the '751 patent has been and continues to be willful.  Starting in February 2021, Gene Pool or its counsel have reached out to Defendant's officers at least five separate times regarding Gene Pool's patent portfolio and the likelihood that Defendant requires a license to the portfolio.  And as noted above, Defendant has had knowledge of its specific infringement of the '751 patent since at least July 9, 2021.  Defendant has never responded to any of this correspondence from Gene Pool.  Thus, Defendant has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for Gene Pool's patent rights.  And Defendant's infringing actions have been and continue to be consciously wrongful.

25. Defendant's infringement of the '751 patent is exceptional and entitles Gene Pool to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II

### INFRINGEMENT OF THE '532 PATENT

26. Gene Pool repeats and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

27. Defendant has directly infringed and continues to directly infringe one or more claims of the '532 patent pursuant to 35 U.S.C. § 271(a) by using the MeP 30 extraction system to extract solutes from cannabis material without authority.

28. Attached hereto as Exhibit 5, and incorporated by reference herein, is a claim chart detailing how Defendant's use of the MeP 30 infringes independent claim 14 and dependent claim 15 of the '532 patent.  The descriptions within the exhibit, which are based on publicly available information, are preliminary examples and are non-limiting.

29. The Court has not yet construed the meaning of any claims or terms in the '532 patent.  In providing these detailed allegations, Gene Pool does not intend to convey or imply any particular claim construction or the precise scope of the claims.  Gene Pool's contentions

regarding the construction of the claims will be provided in compliance with the case schedule, any applicable federal or local procedural rules, and/or any applicable orders.

30. Gene Pool contends that each element of each asserted claim is literally present in the MeP 30 system as used by the Defendant. If based on Court's constructions or other determinations one or more claim elements are not literally present, Gene Pool contends that each such element is present under the doctrine of equivalents and reserves the right to provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

31. Defendant is not authorized to practice the claims of the '532 patent.

32. By reason of Defendant's infringement, Gene Pool has suffered substantial damages.

33. Gene Pool is entitled to recover the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial.

34. Gene Pool provided actual notice of its infringement allegation to Defendant on July 9, 2021. Specifically, Gene Pool's counsel sent a letter by email and FedEx stating that Defendant's use of the MeP 30 infringed the '532 patent and providing a detailed claim chart demonstrating how this use infringed at least claims 14 and 15 of the '532 patent.

35. Gene Pool alleges, on information and belief, that Defendant's infringement of the '532 patent has been and continues to be willful. Starting in February 2021, Gene Pool or its counsel have reached out to Defendant's officers at least five separate times regarding Gene Pool's patent portfolio and the likelihood that Defendant requires a license to the portfolio. And as noted above, Defendant has had knowledge of its specific infringement of the '532 patent since at least July 9, 2021. Defendant has never responded to any of this correspondence from Gene Pool. Thus, Defendant has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for Gene Pool's patent rights. And Defendant's infringing actions have been and continue to be consciously wrongful.

36. Defendant's infringement of the '532 patent is exceptional and entitles Gene Pool to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III

## INFRINGEMENT OF THE '203 PATENT

37. Gene Pool repeats and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

38. Defendant has directly infringed and continues to directly infringe one or more claims of the '203 patent pursuant to 35 U.S.C. § 271(a) by using the MeP 30 extraction system to extract solutes from cannabis material without authority.

39. Attached hereto as <u>Exhibit 6</u>, and incorporated by reference herein, is a claim chart detailing how Defendant's use of the MeP 30 infringes independent claim 1 and dependent claims 9 and 10 of the '203 patent. The descriptions within the exhibit, which are based on publicly available information, are preliminary examples and are non-limiting.

40. The Court has not yet construed the meaning of any claims or terms in the '203 patent.  In providing these detailed allegations, Gene Pool does not intend to convey or imply any particular claim construction or the precise scope of the claims.  Gene Pool's contentions regarding the construction of the claims will be provided in compliance with the case schedule, any applicable federal or local procedural rules, and/or any applicable orders.

41. Gene Pool contends that each element of each asserted claim is literally present in the MeP 30 system as used by the Defendant.  If based on the Court's constructions or other determinations one or more claim elements are not literally present, Gene Pool contends that each such element is present under the doctrine of equivalents and reserves the right to provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

42. Defendant is not authorized to practice the claims of the '203 patent.

43. By reason of Defendant's infringement, Gene Pool has suffered substantial damages.

44. Gene Pool is entitled to recover the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial.

45. Gene Pool provided actual notice of its infringement allegation to Defendant on

July 9, 2021.  Specifically, Gene Pool's counsel sent a letter by email and FedEx stating that Defendant's use of the MeP 30 infringed the '203 patent and providing a detailed claim chart demonstrating how this use infringed at least claims 1, 9, and 10 of the '203 patent.

46. Gene Pool alleges, on information and belief, that Defendant's infringement of the '203 patent has been and continues to be willful.  Starting in February 2021, Gene Pool or its counsel have reached out to Defendant's officers at least five separate times regarding Gene Pool's patent portfolio and the likelihood that Defendant requires a license to the portfolio.  And as noted above, Defendant has had knowledge of its specific infringement of the '203 patent since at least July 9, 2021.  Defendant has never responded to any of this correspondence from Gene Pool.  Thus, Defendant has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for Gene Pool's patent rights.  And Defendant's infringing actions have been and continue to be consciously wrongful.

47. Defendant's infringement of the '203 patent is exceptional and entitles Gene Pool to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Gene Pool prays for judgment and relief as follows:

A. That Defendant has infringed the Asserted Patents;

B. That Defendant be ordered to pay damages adequate to compensate Gene Pool for Defendant's infringement of the Asserted Patents pursuant to 35 U.S.C. § 284, including without limitation a reasonably royalty, together with interest thereon;

C. That Defendant be ordered to pay treble damages for willful infringement pursuant to 35 U.S.C. § 284.

D. That this case be found exceptional and awarding Gene Pool its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

E. That Defendant be ordered to pay all of Gene Pool's costs associated with this action; and

F. That Gene Pool be granted such other and additional relief as the Court deems equitable, just, and proper.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: August 6, 2021 | Respectfully submitted, |
| 3 | | SPEARHEAD LEGAL LLP |
| 4 | | By   */s/ Ryan R. Owens* |
| 5 | | |

Ryan R. Owens
SPEARHEAD LEGAL LLP
620 Newport Center Dr., Suite 1100
Newport Beach, CA 92660
Telephone: (949) 409-8401
Facsimile: (949) 336-3830
ryan.owens@spearheadlegal.com
Kristopher M. Dawes (Bar No. 261170)
kris.dawes@spearheadlegal.com
Andrew J. Fossum (Bar No. 250373)
andrew.fossum@spearheadlegal.com
620 Newport Center Dr., Suite 1100
Newport Beach, CA 92660

Attorneys for GENE POOL TECHNOLOGIES, INC.

COMPLAINT FOR PATENT INFRINGEMENT

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1 of this Court, Gene Pool hereby demands trial by jury for all issues so triable.

DATED: August 6, 2021         Respectfully submitted,

                              SPEARHEAD LEGAL LLP

                              By  */s/ Ryan R. Owens*

COMPLAINT FOR PATENT INFRINGEMENT