SPEARHEAD LEGAL LLP
Ryan R. Owens (Bar No. 269370)
ryan.owens@spearheadlegal.com
Kristopher M. Dawes (Bar No. 261170)
kris.dawes@spearheadlegal.com
Andrew J. Fossum (Bar No. 250373)
andrew.fossum@spearheadlegal.com
620 Newport Center Dr., Suite 1100
Newport Beach, CA 92660
Telephone: (949) 409-8401
Facsimile: (949) 336-3830

Attorneys for Plaintiff,

GENE POOL TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GENE POOL TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> COASTAL HARVEST, LLC, <br><br> Defendant. | Case Nos.: <br> 5:21-cv-01328-JWH-SHK (Lead); <br> 2:21-cv-08756-JWH-SHK (Member) <br><br> **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS** <br><br> **Hearing Date: February 28, 2025** <br> **Time: 9:00 AM** <br> **Ctrm: 9D, 9th Floor** <br> **Ronald Reagan Federal Building** <br> **411 W. 4th St., Santa Ana, CA** |

## I. INTRODUCTION

Plaintiff Gene Pool Technologies, Inc. ("Plaintiff" or "Gene Pool") filed the lead patent litigation against Defendant Coastal Harvest, LLC ("Coastal Harvest") on August 6, 2021. The Court consolidated the Coastal Harvest litigation with Gene Pool's patent litigation against Coastal Harvest's parent corporation ANM, Inc. ("ANM") (collectively, "Defendants") on November 16, 2021. Both litigations sought damages pursuant to 35 U.S.C § 284 including without limitation a reasonable royalty. (*See* Dkt. No. 1, p. 8; ANM Dkt. No. 1, p. 14).) After aggressively litigating the consolidated actions for three years, Defendants' counsel withdrew their representation and Defendants subsequently failed to obtain new counsel by the Court-mandated deadline. (Dkt. Nos. 168, 169.) The Clerk entered default against each of the Defendants pursuant to Federal Rule of Civil Procedure 55(a) on December 26, 2024. (*See* Dkt. No. 172.)

Plaintiff now seeks entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). The Court has already granted summary judgment that the Defendants infringe four asserted claims while denying summary judgment that these same claims were invalid. (Dkt. No. 159.) Further, the *Eitel* factors on balance strongly favor granting default judgment here.

## II. BACKGROUND

The Complaints in the consolidated litigations originally asserted five patents assigned to Gene Pool but this was later narrowed to three patents having U.S. Patent Nos. 9,144,751 ("the '751 Patent"); 9,145,532 ("the '532 Patent"); and 9,587,203 ("the '203 Patent"). On July 21, 2023, the Defendants stipulated to infringement of claims 17 and 18 of the '751 Patent and claims 14 and 15 of the '532 Patent. (Dkt. No. 119.) On July 9, 2024, the Court granted summary judgment that the Defendants infringed these four claims while denying summary judgment that these and other claims of the asserted

patents were invalid. (Dkt. No. 159 at pp. 23, 26, and 28.)

On August 6, 2024, counsel for Defendants ("Defense Counsel") filed a motion to withdraw as counsel for Defendants. (Dkt. No. 163.) On September 30, 2024, the Court granted Defense Counsel's motion to withdraw as counsel of record for Defendants noting that Defense Counsel testified that they had advised Defendants that if new counsel failed to appear in the case on their behalf by October 4, 2024, the Court would strike Defendants' pleadings, leaving them susceptible to a default judgment. (Dkt. No. 168, p. 4.) Neither of the Defendants retained new representation nor made an appearance in this action by October 4, 2024, or after. *See Curry v. GMAC Mortgage*, 2010 WL 4553503, at *2 (C.D. Cal. Nov. 3, 2010) ("[I]t is well established that a corporation can only appear in federal court through counsel."). The Court subsequently issued an order striking the Defendants' pleadings. (Dkt. No. 169.) And the Clerk entered default against each of the Defendants pursuant to Federal Rule of Civil Procedure 55(a) on December 26, 2024. (See Dkt. No. 172.)

## III. ARGUMENT

### A. Plaintiff is Entitled to Default Judgment Against Defendants

Because the Clerk has entered default against all Defendants under Federal Rule of Civil Procedure 55(a), Plaintiff may move the Court for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). *PepsiCo, Inc. v. California Security Cans*, 238 F. Supp. 2d 1171, 1174 (C.D. Cal. 2002) (*citing Kloepping v. Fireman's Fund*, 1996 WL 75314, at *2 (N.D. Cal. Feb.13, 1996)). Local Rule 55-1 requires that the following information be provided by declaration: (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Servicemembers

1 Civil Relief Act does not apply; and (5) that notice of the application has been
2 served on the defaulting party, if required. These requirements have been met.
3 (*See* Owens Decl., ¶¶2–4).

Due to Defendants' default, "the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party." *Vogel v. Rite Aid Corp.,* 992 F. Supp. 2d 998, 1005 (C.D. Cal. 2014) (citing Fed. R. Civ. Proc. 8(b)(6)); *see also TeleVideo Systems, Inc. v. Heidenthal*, 826 F. 2d 915, 917–18 (9th Cir. 1987). Because default judgment is proper in light of the merits and fairness to Plaintiff, the Court should grant Plaintiff's request. Further, Plaintiff does not request any remedy different in kind than was prayed for in the Complaint. Fed. R. Civ. Proc. 54(c).

In determining whether to grant a request for default judgment, the Ninth Circuit has enumerated seven factors, the so-called *Eitel* factors, to be weighed. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The Eitel factors are:

(1) the possibility of prejudice to the plaintiff;

(2) the merits of the plaintiff's substantive claim;

(3) the sufficiency of the complaint;

(4) the sum of money at stake in the action;

(5) the possibility of a dispute concerning material facts;

(6) whether the default was due to excusable neglect; and

(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Id*.

Here, all seven *Eitel* factors weigh in favor of default judgment.

**Factor 1:** If Plaintiff's instant Request is not granted, Plaintiff will be without other recourse for recovery and therefore prejudiced. *See PepsiCo*, 238 F. Supp. 2d at 1177 ("If Plaintiffs' motion for default judgment is not granted,

Plaintiffs will likely be without other recourse for recovery,"); *Vogel*, 992 F. Supp. 2d at 1007 ("Absent entry of a default judgment, Vogel will most likely be without recourse against Knight, given Knight's unwillingness to cooperate and defend. Because Vogel will suffer prejudice if he is without recourse against Knight, this factor favors entry of a default judgment."). Thus, the first *Eitel* factor favors entry of default judgment.

**Factors 2 and 3:** The second and third *Eitel* factors regard the merits of Plaintiff's claims and the sufficiency of the Complaints. In other words, "[t]he second and third Eitel factors 'require that a plaintiff state a claim on which [it] may recover.'" *Vogel*, 992 F. Supp. 2d at 1007 (*quoting PepsiCo, Inc.*, 238 F. Supp. 2d at 1175). These "are generally the most significant [factors] and are often dispositive." *Hansen v. Integrity Assets LLC*, 2021 WL 5999317, at *3 (Dec, 20, 2021 C.D. Cal) (*citing Kong v. Image of Beverly Hills, LLC*, 2020 WL 6701441, at *3 (Nov. 13, 2020 C.D. Cal.)). Well beyond the minimum sufficient standards to allege patent infringement, the Defendants have stipulated to infringement of four asserted claims and the Court granted summary judgment that these claims were infringed. (Dkt. Nos. 119, 159.)

Therefore, the second and third *Eitel* factors favor entry of default judgment.

**Factor 4:** The fourth *Eitel* factor considers "the amount of money at stake in relation to the seriousness of the [d]efendants' conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. As explained below, Gene Pool retained a damages expert who carefully evaluated produced financial information, applied the *Georgia-Pacific* factors to the circumstances of these litigations, and opined on a supportable and reasonable royalty.

Thus, the fourth Eitel factor favors default judgment.

**Factor 5**: The fifth Eitel factor looks to the possibility of a dispute concerning material facts. Here, Plaintiff has alleged the relevant facts in the

4
MEMO. ISO MOTION FOR ENTRY OF DEFAULT JUDGMENT

Complaints in detail and with supporting evidence, which are taken as true upon entry of default. *See PepsiCo, Inc.*, 1177 (citing TeleVideo, 826 F.2d at 917–18). Furthermore, the Defendants have stipulated to and the Court granted summary judgment of infringement. The evaluation of damages also relies directly on financial information produced by the Defendants. (*See* Owens Decl., Ex. 5, 6, 7, 8.) Consequently, there is little possibility of a dispute concerning material facts under the circumstances here.

Thus, the fifth Eitel factor favors entry of default judgment.

**Factor 6:** The sixth *Eitel* factor asks whether the default was due to excusable neglect. Given the record presented by Defendants' former counsel in their withdrawal motion as to Defendants actions, there is no indication that Defendants' default involved any type of excusable neglect. (Dkt. No. 163.)

Thus, the sixth Eitel factor favors entry of default judgment.

**Factor 7:** The seventh and final Eitel factor addresses the strong policy favoring decisions on the merits. *See Eitel*, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."). But this preference "is not dispositive" and "the court is not precluded from entering default judgment against Defendant[s]." *PepsiCo, Inc.*, 238 F. Supp. 2d. at 1177 (*citing Kloepping*, 1996 WL 75314, at *3). Further, Defendants' unwillingness to participate "makes a decision on the merits impractical, if not impossible." *Id*. Thus, the seventh *Eitel* factor also favors entry of default judgment.

Accordingly, all seven Eitel factors favor entry of default judgment against Defendants.

**B. Gene Pool Entitled to Recover Reasonable Royalty**

Gene Pool is entitled to recover damages adequate to compensate for Defendants' infringement, "but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. §284.

During expert discovery, Gene Pool retained an experienced damages expert—Graham D. Rogers—to opine on a reasonable royalty rate and total reasonable royalty damages. (Owens Decl., Ex. 1.) Mr. Rogers and his team performed a detailed analysis of Defendants' produced financial information to determine the total royalty base. (*Id.*, p. 17.) They next evaluated comparable third-party license agreements to create a statistical table of starting royalty rates before adjustments based on a *Georgia-Pacific* analysis. (*Id.*, pp. 18-23.) Finally, they carefully applied the *Georgia-Pacific* factors to determine that a reasonable royalty of 4.5% applied here. (*Id.*, pp. 24-36.)

[redacted] Thus, Gene Pool is entitled to recover a reasonable royalty of at least $2,878,800.05 for Defendants's infringement. (*Id.*) Gene Pool is also entitled under 35 U.S.C. § 284 to prejudgment interest from the date the Complaints were filed (August 6, 2021) until the date judgment is entered.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for entry of default judgment should be granted.

Dated: February 5, 2025  Respectfully submitted,

**SPEARHEAD LEGAL LLP**
Ryan R. Owens
Kristopher M. Dawes
Andrew J. Fossum

By: /s/ Ryan R. Owens
Attorneys for Plaintiff GENE POOL TECHNOLOGIES, INC.